IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GOODY MATHIS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 111-204 |
| | ) | |
| DENNIS CARL SANDERS, District Attorney, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Dooly State Prison in Unadilla, Georgia, attempts to assert claims pursuant to 18 U.S.C. §§ 241 and 242 in the above-captioned case. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

I.  **SCREENING OF COMPLAINT**

   A.  **Background**

Plaintiff names the following Defendants in his complaint: (1) District Attorney

Dennis Carl Sanders; (2) Samuel Atkins, an attorney who represented Plaintiff in criminal proceedings; and (3) the Honorable Roger Dunaway,[1] McDuffie County Superior Court Judge. (Doc. no. 1, pp. 1, 9.) In Plaintiff's complaint, much of which is incoherent, he appears to allege that Defendants conspired against him and acted hostile toward him during his criminal proceedings in the Superior Court of McDuffie County "by concealing an invalid and defective indictment" and by retaliating against him for exercising his constitutional rights. (Id. at 6-8.) Plaintiff asserts that Defendants' improper conduct during his criminal proceedings was motivated by race, alleging that Defendants are "white officials" who used their power to "impede or prevent [Plaintiff] from exercising his Federal Constitutional rights." (Id. at 6.) Plaintiff seeks to initiate criminal proceedings against Defendants pursuant to 18 U.S.C. §§ 241 and 242, the federal statutes that criminalize depriving and conspiring to deprive individuals of civil rights. (See id. at 1, 12.)

B. Discussion

1. Plaintiff Cannot Initiate Criminal Proceedings Through Civil Suit

Plaintiff's attempted claims represent an impermissible request for the Court to initiate criminal proceedings against Defendants. The law is well settled that "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." Otero v. U.S. Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987) (citing Linda R. S.

---

[1] While Plaintiff's complaint names Superior Court Judge "Roger Dunway" as a Defendant, the Court notes that the correct spelling of this judicial officer's surname is "Dunaway," and the Court will refer to him as such.

2

v. Richard D., 410 U.S. 614, 619 (1973)); see also Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (holding that there is no constitutional right for a member of the public, as a victim, to have defendants, including state government officials, criminally prosecuted). Therefore, Plaintiff's assertion that Defendants should be prosecuted for their alleged conduct under 18 U.S.C. §§ 241 and 242 fails to state a claim upon which relief may be granted.

### 2. Plaintiff's Allegations Fail to State a Viable § 1983 Claim

If the Court were to construe Plaintiff's allegations as an attempt to state a § 1983 claim, his complaint would nevertheless be subject to dismissal for failure to state a claim on which relief may be granted.

Plaintiff's allegations against Judge Dunaway fail to state a claim because, as a judge, he entitled to absolute immunity. It is well-settled that judicial officers are entitled to absolute immunity for "actions taken . . . within the legitimate scope of judicial authority." Rehberg v. Paulk, ___ U.S. ___, 132 S. Ct. 1497, 1503 (2012); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'" (footnote omitted)). Thus, the Court must determine whether Judge Dunaway was dealing with Plaintiff in a judicial capacity and whether the conduct alleged clearly fell outside his subject matter jurisdiction. See id. at 359-64.

3

As Plaintiff makes no allegation that Judge Dunaway acted in the "clear absence of all jurisdiction," id. at 357, the Court must consider whether his actions were of the type normally performed by judges. Patterson v. Aiken, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), aff'd, 784 F.2d 403 (11th Cir. 1986) (Table). Here, as Plaintiff's allegations as to Judge Dunaway concern his actions as the judge presiding over Plaintiff's criminal proceedings in state court; such actions qualify as activity of a type usually performed by judges. Therefore, Judge Dunaway is entitled to absolute immunity, and Plaintiff's allegations against him fail to state a claim upon which relief may be granted.

Plaintiff also fails to state a claim against Defendant Sanders, as he too is entitled to immunity. Prosecutors are entitled to absolute immunity for damages under § 1983 for "actions taken . . . in their role as advocates." Rehberg, 132 S. Ct. at 1503; Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."). "The prosecutorial function includes initiation and pursuit of criminal prosecution, and most appearances before the court . . . ." Rivera, 359 F.3d at 1353 (citation omitted); see also Rehberg v. Paulk, 611 F.3d 828, 837 (11th Cir. 2010) ("In § 1983 actions, prosecutors have absolute immunity for all activities that are 'intimately associated with the judicial phase of the criminal process.'" (quoting Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009))), aff'd, 132 S. Ct. at 1510.

Here, Plaintiff's allegations against Defendant Sanders only pertain to his traditional

duties as counsel for the State in Plaintiff's criminal case, and he is therefore entitled to absolute immunity. Accordingly, Plaintiff's allegations against Defendant Sanders fail to state a claim upon which relief may be granted.

Finally, Plaintiff's complaint fails to state a § 1983 claim against Defendant Atkins because he did not act under the color of state law for the purposes of 42 U.S.C. § 1983. The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law.*" West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added). Traditionally, acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49 (internal quotation marks and citation omitted). However, "[i]t is well settled . . . that an attorney, whether court-appointed or privately retained, does not qualify as a state actor for purposes of § 1983 liability." Barnette v. Ernst, CV 407-020 (S.D. Ga. Apr. 23, 2007) (Moore, J.) (citing Polk County v. Dodson, 454 U.S. 312, 318 & n.7 (1981) (finding a lawyer representing a client was not, "by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983")); see also Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (holding that a private attorney who was retained to represent a criminal defendant was not acting under color of state law).

By representing Plaintiff in his criminal case, Defendant Atkins was simply acting in accordance with his role as counsel to a defendant in a criminal proceeding and thus is not a "person acting under color of state law" under § 1983. Therefore, Plaintiff's allegations against Defendant Atkins fail to state a claim upon which relief may be granted.

In sum, even if the Court were to construe Plaintiff's allegations as an attempt to state a § 1983 claim, his complaint would nevertheless be subject to dismissal because, due to immunity and lack of state action, Defendants are not subject to liability under § 1983.[2]

## II. MOTION FOR HEARING

After filing his complaint, Plaintiff filed a motion for a hearing. (Doc. no. 10.) Citing various inapposite legal provisions, such as Federal Rule of Criminal Procedure 12, Plaintiff requests a hearing so that he may adduce evidence in support of his claims. (See id. at 1-3.) In light of the Court's determination that Plaintiff's complaint should be dismissed upon initial screening for failing to state a claim upon which relief may be granted, Plaintiff's request for a hearing should be **DENIED**.

---

[2]Plaintiff should note that to the extent he requests release from confinement due to alleged violations of his constitutional rights during his criminal proceedings, a writ of habeas corpus provides the sole means for obtaining such relief. See Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus.").

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of April, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE